hPER CURIAM:
Granted. The ruling of the trial court on the defendant’s motion to suppress, and the court of appeal’s decision affirming that order, are reversed and this case is remanded to the district court for further proceedings. It clearly appears from the testimony at the suppression hearing that the police stopped the defendant and the passenger who was riding on the handle bars of his bicycle not only on the basis of defendant’s immediate flight upon observing the officers, see Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000), but also on the basis of the illegal manner in which the defendant operated his bicycle by turning against traffic and peddling headlong across the paths of oncoming vehicles, nearly causing two accidents. See La. R.S. 32:194 (“Every person riding a bicycle upon a highway of this state shall be granted all of the rights and shall be subject to all the duties applicable to the driver of a vehicle by this Chapters....”); La.R.S. 32:197(A) (“Every person operating a bicycle upon a roadway shall ride as near to the right side of the roadway as practicable, exercising due care when passing a standing vehicle or one proceeding in the same direction”); see also La.R.S. 32:195(B) (“No bicycle shall be used to carry more persons at one time than the number for which it is designed and equipped.”). This combination *1067 of circumstances provided the officers with reasonable grounds to stop the defendant, see State v. Kalie, 96-2650, p. 3 (La.9/19/97), 699 So.2d 879, 881 (police need only “some minimal level of objective justification”) (internal quotation marks and citations omitted) and their recovery of a rock of cocaine in the plastic bag which the defendant subsequently spat from his mouth where he had been concealing it from the officers then provided probable cause for his arrest.
JOHNSON, J., dissents.
LEMMON, J., would grant and docket.